UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ALEXANDER ROZENBERG,

        Plaintiff,

        - against -

JOSEPH GENTILE AND
FRANKIE & GENTILE, P.C.,

        Defendants.
-----------------------------------------------------------------X

<u>ORDER</u>
10-CV-5688(RRM) (SMG)

MAUSKOPF, United States District Judge.

    Plaintiff Alexander Rozenberg, proceeding *pro se*, has filed a complaint against an attorney and the attorney's law firm asserting various claims arising out of a retainer agreement pursuant to which defendants are alleged to have represented Plaintiff in a state court criminal proceeding.

    On December 17, 2010, Chief Magistrate Judge Steven M. Gold issued a Report and Recommendation (the "R&R") recommending that Plaintiff's complaint be dismissed for lack of subject matter jurisdiction. On December 20, 2010, Plaintiff filed timely objections, and on December 28, 2010, Defendants responded thereto.

    When reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party raises an objection to a Report and Recommendation, "the court is required to conduct a *de novo* review of the contested sections." *See Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

After conducting such review, Plaintiff's objections are overruled and the Magistrate Judge's Report and Recommendation is adopted in its entirety. The Magistrate Judge properly raised *sua sponte* the issue of subject matter jurisdiction, *see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107 (2d Cir. 1997), and found that this action does not raise a federal question pursuant to 28 U.S.C. § 1331 or rest on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiff raises two objections. First, he claims that he was unaware of the amount in controversy requirement at the time he filed his complaint, and was told by a clerk in this Court's Pro Se Office that Plaintiff's complaint appeared to be in order. Plaintiff cannot reasonably construe the clerk's comment to suggest in any way that this Court has jurisdiction over Plaintiff's claims. Moreover, a higher amount in controversy would not save Plaintiff's action, for as the Magistrate Judge correctly found, all of the parties to this action reside in New York. Second, Plaintiff suggests that he is now time-barred from bringing an action in state court, and cites to an informational pamphlet regarding New York State's Attorney-Client Fee Dispute Resolution Program ("FDRP"). While the FDRP appears to impose certain time limits for its filings, nothing in this informational pamphlet suggests that Plaintiff is barred from seeking redress in state courts, or in any other appropriate forum. Moreover, in their response to Plaintiff's objections, Defendants state that Plaintiff's fee dispute has already been submitted to binding arbitration with the Nassau County Bar Association. In any event, these circumstances add nothing to the simple fact that this Court lacks subject matter jurisdiction over Plaintiff's claims.

As such, based upon a *de novo* review of Judge Gold's R&R, the factual and procedural record upon which is based, and Plaintiff's objections and Defendants' response thereto, the

R&R is adopted in all respects. Accordingly, Plaintiff's Complaint is DISMISSED. The Clerk of Court is directed to mail a copy of this Order to Plaintiff *pro se*, and to close the case.

SO ORDERED.

/S/

Dated: Brooklyn, New York
December 30, 2010

_____
ROSLYNN R. MAUSKOPF
United States District Judge